UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-20401-Civ-COOKE/TORRES**

MSPA CLAIMS 1, LLC, a Florida limited
liability company, as assignee of Florida
Healthcare Plus, on behalf of itself and all
other similarly situated Medicare Advantage
Organizations in the State of Florida,

    Plaintiff,

vs.

NATIONAL SPECIALTY INSURANCE
COMPANY, a foreign profit corporation,
STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign
profit corporation, and STATE AUTOMOBILE
MUTUAL INSURANCE COMPANY, a
foreign profit corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff's claims arise from Defendants' alleged failure to reimburse a Medicare Advantage Organization ("MAO") for medical payments made on behalf of an enrollee. Plaintiff alleges that Defendants were obligated to pay for the enrollee's medical expenses under the Medicare Secondary Payer Act and its implementing regulations. Plaintiff further alleges that it has standing to bring suit against Defendants to recoup payments made by Florida Healthcare Plus ("FHCP"), a Health Maintenance Organization and participant in the Medicare Program pursuant to a Medicare Advantage Plan, as a result of FHCP's assignment of its right of reimbursement to La Ley Recovery Systems, Inc. ("La Ley"), and La Ley's subsequent assignment of its rights to Plaintiff. *See* Corrected Am. Compl. ¶¶ 52-55, ECF No. 42. As such, Plaintiff, as the alleged assignee of FHCP, seeks "reimbursement of all sums, on a fee-for-service basis, that Plaintiff's assignor HMO/MAO was billed for

medical care and treatment on behalf of its … enrollees for which Defendant(s) was responsible as primary payer." *Id.* at 2.

In response, Defendants filed a Motion to Dismiss Corrected Amended Class Action Complaint for Damages, Motion to Strike, and Supporting Memorandum of Law (ECF No. 44). Defendants argue, in part, that Plaintiff's Corrected Amended Class Action Complaint for Damages ("Amended Complaint") must be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing. Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss Corrected Amended Class Action Complaint for Damages, Motion to Strike, and Supporting Memorandum of Law (ECF No. 51), to which Defendants' filed their Reply in Support of Defendants' Motion to Dismiss Plaintiff's Corrected Amended Class Action Complaint for Damages, Motion to Strike and Supporting Memorandum of Law and Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF No. 53). After reviewing the Motion, the Response and Reply thereto, the record, and relevant legal authorities, Defendants' Motion to Dismiss is granted.

## I.  LEGAL STANDARD

Standing is a threshold jurisdictional question. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction. *Id*. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On the other hand, factual attacks challenge the existence of subject matter jurisdiction using material outside of the complaint, such as testimony and affidavits. *Id.* Where, as here, the challenge is factual, the trial court does not accept the allegations of the complaint as true, but considers testimony and affidavits irrespective of the complaint. *Id*. A dismissal for lack of subject matter jurisdiction should be entered without prejudice because it is not a judgment on the merits. *Stalley*, 524 F.3d at 1232.

## II.  DISCUSSION

Plaintiff alleges that FHCP assigned its rights of reimbursement to La Ley and that, in turn, La Ley assigned its rights to Plaintiff.  In support of this assertion, Plaintiff cites from various "assignment agreements" but fails to attach said agreements to its Amended Complaint.  Instead, in support of its argument that it has properly alleged standing, Plaintiff argues that this Court must accept as true all plausible factual allegations, "even if not supported by documentary evidence."  Pl.'s Resp. 2-3, ECF No. 51.  Apparently, Plaintiff believes that in picking and choosing what to share with the Court, it can get around the requirements of the Constitution and the Federal Rules of Civil Procedure.  Plaintiff is incorrect in this belief.

While Plaintiff cites to what the Court can only assume is an excerpt of an assignment agreement in support of its allegation that it was properly assigned the rights to pursue these claims against Defendants, a review of the entire agreement reveals otherwise.[1]  The assignment agreement Plaintiff quotes from in its Amended Complaint also states as follows: "La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by [FHCP]."  As such, while FHCP may have assigned its rights to La Ley, Plaintiff has failed to allege that La Ley validly assigned its rights to Plaintiff; that is, that La Ley assigned its rights to Plaintiff upon the approval of FHCP.  Thus, Plaintiff does not have standing to bring this action because it has not been validly assigned the right to do so.  *See MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-CV-20212-JLK, DE 35 (S.D. Fla. July 27, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 16-CV-20459-KMM, DE 42 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 16-CV-20460-KMM, DE 27 (S.D. Fla. Aug. 3, 2016).

Additionally, Plaintiff asks this Court to take judicial notice of certain court documents filed in case number 2014 CA 2762 in the Second Judicial Circuit in and for Leon County, Florida.  *See* ECF No. 48.  These documents include a settlement agreement entered into between the Florida Department of Financial Services as Receiver of FHCP, La Ley,

---

[1] This Court takes judicial notice of the La Ley Recovery Systems Agreement, docket entry 11-1 in case number 16-Civ-20212.  *See Burtoff v. Tauber*, 2011 WL 248547, n.5 (S.D. Fla. Jan. 24, 2011) (finding that a court may take judicial notice of documents filed in another case).

and Plaintiff (among other entities) on June 1, 2016, which settles and resolves any remaining disputes between the parties as to their rights. *See* ECF No. 48-1. However, in reviewing these documents, the Court notes that this settlement agreement was entered into on June 1, 2016, well after Plaintiff initiated this action. As such, to the extent Plaintiff intends on relying upon the assignment language in the settlement agreement to substantiate its argument that it was validly assigned the claims at issue in this action, Plaintiff's argument must fail because, as Plaintiff well knows, standing cannot be created after a complaint has been filed; it must exist at the time of the filing of the complaint. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003).

### III. CONCLUSION

Therefore, for the reasons explained above, Defendants' Motion to Dismiss Corrected Amended Class Action Complaint for Damages, Motion to Strike, and Supporting Memorandum of Law (ECF No. 44) is **GRANTED**. Plaintiff's Corrected Amended Class Action Complaint for Damages (ECF No. 42) is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** as moot. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 25TH day of August 2016.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*